UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY DEVIN R., <br><br>　Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>　Defendant. | Case No.: 1:24-cv-00399-REP <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending is Plaintiff Zachary Devin R.'s Complaint for Review of Social Security (Dkt. 1), appealing the Commissioner of Social Security Administration's denial of his disability claim.  This action is brought pursuant to 42 U.S.C. § 405(g).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I. ADMINISTRATIVE PROCEEDINGS

This case is before the Court on Plaintiff's third appeal from the Commissioner of Social Security's denial of disability benefits.

On April 23, 2019, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning March 23, 2019. After initial and reconsideration denials, a hearing was held before Administrative Law Judge ("ALJ") Gregory Moldafsky, who issued an unfavorable decision in October 2020. On Plaintiff's first appeal, Defendant stipulated to remand, and this Court ordered remand in December 2021 for proper evaluation of Plaintiff's migraines, medical opinions, and

**MEMORANDUM DECISION AND ORDER - 1**

prior administrative findings. *See* Case No. 1:21-cv-00279-CWD, Dkt. 15 (filed 12/6/21) (remand to include further consideration of Plaintiff's migraines at step three of the sequential process, consideration of the medical source opinions and prior administrative medical findings, reassessment of Plaintiff's residual functional capacity ("RFC"), obtaining vocational expert evidence, and issuing a new decision).

On remand, a second hearing was held in August 2022 before ALJ Stephen Marchioro. Neurologist, Lauren Frey, M.D., testified as the medical expert. Although Dr. Frey confirmed Plaintiff's recurrent migraines, she declined to opine on absenteeism or time-off-task limitations. The vocational expert, Jon Audette, testified that more than 12 absences annually would preclude competitive employment. ALJ Marchioro issued a second unfavorable decision 12 days later. On Plaintiff's second appeal, Defendant again stipulated to remand, and this Court ordered remand again in May 2023, directing the ALJ to articulate the persuasiveness of *all* medical opinions under 20 C.F.R.§ 404.1520c. *See* Case No. 1:22-cv-00461-CWD, Dkt. 18 (filed 5/19/23) (remand to include the "re-evaluat[ion of] the medical opinion and prior administrative finding evidence pursuant to 20 C.F.R. § 404.1520c, discussing the two most important factors of supportability and consistency, and explaining any restrictions not adopted in the RFC finding").[1]

A third hearing was held in April 2024 – again by ALJ Marchioro. Plaintiff relied on prior medical opinion analyses and Dr. Frey's above-mentioned testimony to support a finding of disability. Despite these arguments, ALJ Marchioro issued a third unfavorable

---

[1] Relevant here, Plaintiff had argued, among other things, that the ALJ failed to even acknowledge Richard Lightbody, M.D.'s, December 15, 2020 Psychiatric Evaluation. *See* Case No. 1:22-cv-00461-CWD, Dkt. 12 at 8-9, 13 (filed 3/23/23).

**MEMORANDUM DECISION AND ORDER - 2**

decision on June 17, 2024.  This decision frames the current issues before the Court and represents the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Plaintiff brings this case, arguing that "ALJ Marchioro committed similar errors as before."  Pl.'s Brief at 4 (Dkt. 15).  He raises two interrelated points of error: (i) "ALJ Marchioro failed to consider and analyze Dr. Lightbody's medical opinion"; and (ii) "ALJ Marchioro erred in relation to the other medical opinions in the record, where he ignored Dr. Dudek's opinion and material portions of Dr. Frey's opinion."  *Id*. at 6-15.  Plaintiff in turn requests that the court remand for further proceedings.  *Id*. at 16.

## II.  STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  *See* 42 U.S.C. § 405(g).  If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The standard does not mean a large or considerable amount of evidence; it requires more than a scintilla but less than a preponderance.  *Trevizo*, 871 F.3d at 674.

**MEMORANDUM DECISION AND ORDER - 3**

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III. DISCUSSION

**A.     The Sequential Process**

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

**MEMORANDUM DECISION AND ORDER - 4**

not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful.  20 C.F.R. §§ 404.1572, 416.972.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant has not engaged in SGA, the analysis proceeds to the second step.  Here, the ALJ[2] found that Plaintiff did not engage in SGA during the period from his alleged onset date of March 23, 2019 through the date last insured of December 31, 2023.  AR 2595.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An

---

[2] Owing to the different ALJs, decisions, and appeals involved in this latest action, references to "ALJ" from this point forward refer to ALJ Marchioro and his June 17, 2024 decision, unless otherwise noted.

**MEMORANDUM DECISION AND ORDER - 5**

impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ found that, through the date last insured, Plaintiff had the following severe medically determinable impairments: "migraines, status post traumatic brain injury; post traumatic stress disorder (PTSD); depressive disorder; and anxiety disorder." AR 2595-96.

The third step requires the ALJ to determine the medical severity of any impairments, that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ concluded that, through the date last insured, Plaintiff's above-listed medically determinable impairments, while severe, do not meet or medically equal the criteria established for any of the qualifying impairments. AR 2596-98.

**MEMORANDUM DECISION AND ORDER - 6**

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's RFC is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work lasted long enough for the claimant to learn to do the job and be engaged in SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: can frequently climb ramps or stairs, balance …, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; must avoid concentrated exposure to pulmonary irritants such as odors, fumes, gases, and dust; can tolerate occasional exposure to moving mechanical parts and unprotected heights; is limited to indoor work and limited to a work setting that does not have exposure to strobe lights; limited to a moderate noise environment …; retains the ability to understand, remember, and apply information sufficient to perform GED reasoning level 1, 2, and 3 positions; is precluded from work that has production rate pace, such as working on an assembly line; can tolerate no more than occasional interaction with the public, coworkers, and supervisors.

AR 2598-06.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national

**MEMORANDUM DECISION AND ORDER - 7**

economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.  Here, the ALJ found that, through the date last insured, Plaintiff was not capable of performing his past relevant work as a parole officer and police officer.  AR 2606.  Even so, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, he was able to work as a janitor, laborer, laundry worker, room attendant, mail sorter, routing clerk, and laundry aide.  AR 2606-07.  Based on these findings, the ALJ concluded that Plaintiff was, once again, not disabled.  AR 2607-08.

**B.     Analysis**

Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence provided by Drs. Lightbody, Dudek, and Frey.  Pl.'s Brief at 6-15 (Dkt. 15).  In response, Defendant maintains that the ALJ properly considered the medical opinion evidence alongside the applicable regulations.  Def.'s Brief at 2-5 (Dkt. 17).

1.     The Standard for Evaluating Medical Opinions

For claims filed on or after March 27, 2017, the ALJ evaluates the persuasiveness of each medical opinion based on several factors, including supportability, consistency, relationship with the claimant, and specialization.  20 C.F.R. § 404.1520c(a).  The ALJ's duty to articulate a rationale for each factor varies.  20 C.F.R. §§ 404.1520c(a)-(b).

Supportability and consistency are the most important factors, and the ALJ, therefore, must explain how both factors were considered.  *Woods v. Kijakazi*, 32 F.4th

**MEMORANDUM DECISION AND ORDER - 8**

785, 792 (9th Cir. 2022); 20 C.F.R. § 416.920c(b)(2). The supportability factor looks inward at a medical opinion's bases; "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) …, the more persuasive the medical opinions … will be." 20 C.F.R. § 404.1520c(c)(1). The consistency factor, on the other hand, looks outward, comparing the opinion to the other evidence in the record; "[t]he more consistent a medical opinion … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." 20 C.F.R. § 404.1520c(c)(2).[3]

Courts review the ALJ's persuasiveness determinations under these regulations using the substantial evidence standard. To be upheld, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787.

2. <u>The ALJ Failed to Consider, Let Alone Properly Analyze, Dr. Lightbody's Medical Opinion</u>

Plaintiff argues that the ALJ erred in failing to evaluate the persuasiveness of Dr. Lightbody's December 2020 Psychiatric Evaluation. Pl.'s Brief at 6-10 (Dkt. 15). Defendant does not dispute that the ALJ never addressed Dr. Lightbody, contending instead that his Psychiatric Evaluation "is nothing more than a statement on the issue of disability" – an issue reserved to the Commissioner – and not a medical opinion. Def.'s Brief at 2-4 (Dkt. 17). Therefore, says Defendant, the ALJ was not required to assess the

---

[3] The ALJ is only required to articulate findings on the remaining factors (treatment relationship, specialization, and any other factors) where "two or more medical opinions . . . about the same issue are both equally well-supported … and consistent with the record … but are not exactly the same." 20 C.F.R. §§ 404.1520c(b)(2)-(3).

**MEMORANDUM DECISION AND ORDER - 9**

persuasiveness of Dr. Lightbody's Psychiatric Evaluation. Though there are grains of merit to Defendant's argument, the Court ultimately agrees with Plaintiff.

On December 15, 2020, Plaintiff underwent an independent medical evaluation with Dr. Lightbody in relation to his application for disability retirement filed with PERSI. AR 2063-70. Dr. Lightbody reviewed Plaintiff's medical records, assessed Plaintiff's "current functioning," conducted a mental status exam, provided diagnoses, and responded to questions relevant to the PERSI disability retirement. *Id*. Among other things, Dr. Lightbody concluded that Plaintiff:

- "needs considerable amounts of active support and encouragement; he tends to isolate himself."

- is positively disabled per PERSI's definition of disability …. That is to say, he cannot reasonably work in any occupation or employment for remuneration or profit, and he is unlikely to respond to treatment in such a way that he would stop being disabled."

- "has extended post-traumatic stress disorder symptoms, which are chronic in nature and debilitating. These include disrupted sleep, flashbacks, trigger events, and screaming nightmares. He has suspicions of people around him who he associates with traumatizing events. This makes him in turn suspicious of others and make him want to be a recluse at home."

- "has not responded to treatments and feels that currently available treatments are unlikely to be effective in the future."

- has a "poor prognosis."

- "went into his work with the Idaho Department of Corrections with a predisposition to PTSD, which was aggravated in my opinion by the complexity of the workplace, his poor relationships with his superiors, and his frustration with the chaotic situations into which various juvenile or adult defenders found themselves."

- "is in a tormented situation in which physiological functions are disrupted, his relationships have been strained, and his abilities to trust his colleagues

**MEMORANDUM DECISION AND ORDER - 10**

> has been undermined seriously. He has been damaged by the traumatic events of his life and makes it clear that he is not in a position to take on responsibilities where frustration tolerance, decisive action, and effective interpersonal skills would be necessary."

AR 2066, 2068-70.

Despite these opinions, as well as prior remand orders directing the re-evaluation of the medical opinion evidence (*supra*), the ALJ did not acknowledge, consider, or weigh Dr. Lightbody's Psychiatric Evaluation in his decision. The Court concludes this was clear legal error.

The revised regulations (applicable to claims filed on or after March 27, 2017) provide that statements on issues reserved to the Commissioner, such as whether an individual is able to work or is disabled, are neither valuable nor persuasive and the ALJ is not required to provide an analysis of how such evidence is considered. 20 C.F.R. § 404.1520b(c); *see also* 20 C.F.R. § 404.1504 (ALJs are also not required to "provide any analysis in [their] determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [the claimant] is disabled …."). Rather, the ALJ is required to provide an analysis of "medical opinions" only in accordance with 20 C.F.R. § 404.1520c. A "medical opinion" is "a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [they] have one or more impairment-related limitations or restrictions" on their ability to perform physical, mental, and other demands of work activities. 20 C.F.R. § 404.1513(a)(2).

**MEMORANDUM DECISION AND ORDER - 11**

Here, Dr. Lightbody's *conclusion* concerning whether Plaintiff is disabled under PERSI does not, in and of itself, assess any specific work-related function and, thus, does not constitute a medical opinion under 20 C.F.R. § 404.1513(a)(2). Defendant is correct in this respect: the ALJ was not required to address Dr. Lightbody's actual disability determination in the written decision. *See* Def.'s Brief at 2-4 (Dkt. 17).

But critically, simply because a record contains a statement reserved for the Commissioner does not necessarily mean that the *entire* record does not contain a medical opinion that must be evaluated. *See Machelle H. v. Kijakazi*, 2021 WL 4342313, at *9-10 (D. Idaho 2021) (after acknowledging that a disability determination under PERSI does not constitute a "medical opinion," commenting: "However, the ALJ erred by failing to address Dr. Bates's finding that Petitioner needs 'to change positions frequently from sit and stand and [has] prominent limitations in her general mobility and transitions[,] [as] [t]his finding by Dr. Bates is a medical opinion about Petitioner's ability to perform the physical demands of work activities that the ALJ was required to address."); *see also Dirani v. Comm'r of Soc. Sec. Admin.*, 2022 WL 901375, at *2 (D. Ariz. 2022) ("The Commissioner argues that the ALJ did not need to consider Dr. Worden's opinion because her statement that Plaintiff was 'unable to work' is a conclusion specifically reserved to the ALJ [and] [while] true, [ ] it ignores that Dr. Worden provided other medical opinions about Plaintiff, including that she is 'unable to sit, stand, or walk for even 2-4 hours daily.'"); *Robbie G. v. Kijakazi*, 2022 WL 1843980, at *5 (E.D. Wash. 2022) ("The new regulations dictate that statements such as Plaintiff is not able to work are statements that are 'inherently neither valuable nor persuasive' ….

**MEMORANDUM DECISION AND ORDER - 12**

However, as Plaintiff points out, Dr. Cancado provided numerous specific findings, not just 'sweeping conclusions the claimant is unable to work," and the ALJ is required to articulate his consideration of Dr. Cancado's medical opinions under the new regulations ….") (internal citations omitted).

Dr. Lightbody's Psychiatric Evaluation, while addressing disability status under PERSI, also contains distinct medical opinions concerning Plaintiff's mental limitations and their impact on his ability to perform work-related activities. *See* AR 2069-70 (noting Plaintiff's significant difficulties interacting with others, including colleagues and supervisors). Although the ALJ was not required to assess the disability determination itself, he was obligated to evaluate Dr. Lightbody's separate medical opinions for persuasiveness, specifically their supportability and consistency. The ALJ's failure to do so amounts to clear legal error. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

The Court must next determine if this error was harmful. "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050,

**MEMORANDUM DECISION AND ORDER - 13**

1055-56 (9th Cir. 2006)). Here, it is not clear what a reasonable ALJ would do if Dr. Lightbody's Psychiatric Evaluation was credited. It is possible, as Plaintiff argues, that the ALJ could have concluded that it was consistent with other medical opinions in the record and, as a result, never rejected those as unpersuasive in the first instance. *See* Pl.'s Brief at 10 (Dkt. 15). And if that happened, it is likewise not clear what Plaintiff's possibly-updated RFC would then be and whether there are jobs in the national economy that Plaintiff could perform. For these reasons, the Court cannot "confidently conclude" that the ALJ's failure to properly evaluate Dr. Lightbody's medical opinion was harmless. *See, e.g.*, *Machelle H.*, 2021 WL 4342313, at *8 ("Had the ALJ credited some or all of Dr. Bates's medical opinion relevant to Petitioner's ability to sit and stand, it could have affected the RFC assessment, the hypotheticals posed to the vocational expert, and the disability determination. For this reason, the Court finds that the ALJ's error was not harmless."). Remand is therefore necessary for proper consideration of this opinion.[4]

    3.    <u>The Remedy</u>

When an ALJ's denial of benefits is not supported by the record, district courts possess discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of benefits. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014). The proper course turns on the utility of further proceedings. A remand for an award of

---

[4] Having found that remand is warranted based on this issue, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008). Plaintiff's additional contentions of error must be addressed by the ALJ in the first instance when evaluating the evidence on remand, which the Court finds is warranted here.

**MEMORANDUM DECISION AND ORDER - 14**

benefits is appropriate when no useful purpose would be served by further administrative proceedings and when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. In most cases, however, remand for additional investigation or explanation is preferred. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). Such remands allow for the ALJ to resolve any outstanding issues in the first instance.

In this case, the ALJ failed to evaluate the persuasiveness of Dr. Lightbody's medical opinion. The matter is therefore remanded so that the ALJ may properly consider the medical opinion evidence, which in turn may lead to the formulation of a new RFC and the need for new vocational expert testimony.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Complaint for Review of Social Security (Dkt. 1) is **GRANTED**, and the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this decision.

DATED:  September 22, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 15**